UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

MARTIN VOGEL,

        Plaintiffs,

    v.

PNS STORES, INC., et al.,

        Defendants.

Case No.  1:16-cv-00204-DAD-MJS

**ORDER IMPOSING MONETARY SANCTIONS ON COUNSEL FOR BOTH PARTIES**

**THIRTY DAY DEADLINE FOR PAYMENT OF SANCTIONS TO THE COURT**

      On November 17, 2016, the parties appeared before the Court for a scheduling conference and advised the Court that they had reached agreement to settle this matter in its entirety. (See ECF Nos. 19, 20.) The parties were ordered to submit dispositive documents within sixty days. (Id.) The sixty day deadline passed without the parties submitting any such documents or seeking an extension of time to do so. Accordingly, on February 28, 2017, the Court ordered the parties to show cause, within fourteen days, why sanctions should not be imposed for their failure to comply with the Court's order. (ECF No. 21.) The parties did not respond to the order to show cause. To date, no dispositive documents have been filed.

      Local Rule 110 provides: "Failure of counsel or of a party to comply with these Rules or with any order of the Court may be grounds for imposition by the Court of any and all sanctions authorized by statute or Rule or within the inherent power of the Court."

The district court has the authority, both under its inherent power and under 28 U.S.C. § 1927[1], to impose monetary sanctions payable to the Court when counsel has willfully disobeyed a court order or otherwise conducted litigation in bad faith. See Roadway Express, Inc. v. Piper, 447 U.S. 752, 766 (1980); see also Toombs v. Leone, 777 F.2d 465, 471 (9th Cir. 1985). Indeed, the imposition of monetary sanctions on counsel under these circumstances has been looked upon favorably in this Circuit. Toombs, 777 F.2d at 471 n.10 (quoting Miranda v. Southern Pacific Transp. Co., 710 F.2d 516, 522-23 (9th Cir.1983)).

Here, counsel has had notice and an opportunity to be heard regarding the imposition of sanctions. See Miranda v. Southern Pacific Transp. Co., 710 F.2d 516, 522-23 (9th Cir.1983) (sanctions should not be imposed without giving counsel notice and an opportunity to be heard). Nevertheless, they continue in violation of the Court order to file dispositional documents and have failed to respond to the order to show cause or give any reason why they should not be sanctioned for their failure to comply. On these facts, the Court concludes that the attorneys in this action have willfully disobeyed a court order and have acted with reckless disregard of their duty to the Court. See Roadway Express, Inc., 447 U.S. at 766; Zambrano v. City of Tustin, 885 F.2d 1473, 1478 (9th Cir. 1989).

Based on the foregoing, the Court HEREBY IMPOSES monetary sanctions in an amount of $250.00 each on counsel for the parties, payable to the court within thirty days of the date of this order.

IT IS SO ORDERED.

Dated:   March 15, 2017          /s/ Michael J. Seng

UNITED STATES MAGISTRATE JUDGE

---

[1] "Any attorney or other person admitted to conduct cases in any court of the United States or any Territory thereof who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct." 28 U.S.C. § 1927.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28